J. PAUL MOORHEAD (SBN 240029)
pmoorhead@bushgottlieb.com
BUSH GOTTLIEB, A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone: (818) 973-3200
Facsimile: (818) 973-3201

Attorneys for Plaintiffs, Trustees of the
Southern California Pipe Trades Health and
Welfare Trust Fund, et al.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES HEALTH AND WELFARE TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES PENSIONERS AND SURVIVING SPOUSES HEALTH FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES RETIREMENT TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES DEFINED CONTRIBUTION TRUST FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES CHRISTMAS BONUS FUND; TRUSTEES OF THE APPRENTICE AND JOURNEYMAN TRAINING TRUST FUND; TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND; and TRUSTEES OF THE INTERNATIONAL TRAINING FUND, Plaintiffs, vs. J'S PIPELINE, INC., a California corporation, and JESUS GARCIA RODRIGUEZ, an individual, Defendants. | Case No. 5:25-cv-00729<br><br>**COMPLAINT FOR:**<br><br>**1. BREACH OF COLLECTIVE BARGAINING AGREEMENT, TRUST AGREEMENTS, AND VIOLATION OF ERISA FOR FAILURE TO PAY CONTRIBUTIONS;**<br><br>**2. BREACH OF ERISA FIDUCIARY DUTIES;**<br><br>**3. ENGAGING IN PROHIBITED TRANSACTIONS;**<br><br>**4. BREACH OF CONTRACT.** |

Plaintiffs, Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, Trustees of the Southern California Pipe Trades Pensioners and Surviving Spouses Health Fund, Trustees of the Southern California Pipe Trades Retirement Trust Fund, Trustees of the Southern California Pipe Trades Defined Contribution Trust Fund, Trustees of the Southern California Pipe Trades Christmas Bonus Fund, Trustees of the Apprentice and Journeyman Training Trust Fund, Trustees of the Plumbers and Pipefitters National Pension Fund, and Trustees of the International Training Fund (collectively the "Trustees"), complain and allege:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of the case pursuant to section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1132(e)(1)], which grants the United States District Courts jurisdiction over civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)] to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in section 502(f) of ERISA [29 U.S.C. § 1132(f)].

2. This Court also has jurisdiction of this case pursuant to section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. § 185(a)], which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the parties' citizenship.

3. Venue is proper in this Court pursuant to section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)], and section 301(a) of the LMRA [29 U.S.C. § 185(a)], in that this is the district in which the plaintiffs' trust funds are administered, in which the relevant acts took place, and in which monies are due and payable.

4. To the extent this complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

## PARTIES

5. Plaintiffs are the Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, Southern California Pipe Trades Pensioners and Surviving Spouses Health Fund, Southern California Pipe Trades Retirement Trust Fund, Southern California Pipe Trades Defined Contribution Trust Fund, Southern California Pipe Trades Christmas Bonus Fund, Apprentice and Journeyman Training Trust Fund (collectively the "Local Trusts"), Plumbers and Pipefitters National Pension Fund ("National Trust"), and the International Training Fund ("International Trust") (the Local Trusts, National Trust and International Trust are referred to collectively as the "Trusts."). The Trusts are express trusts created pursuant to written agreements and declarations of trust (the "Trust Agreements") between the Southern California Pipe Trades District Council No. 16 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry ("District Council 16") and various employer associations in the plumbing and pipefitting industry in Southern California, or between District Council 16, and other councils of the United Association of Plumbers and Pipefitters, and various employer associations across the United States. The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)].

6. The Trustees are "*fiduciar[ies]*" with respect to the Trusts as defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)].

7. Defendant J's Pipeline, Inc. ("J's Pipeline") is a California Corporation with its principal place of business located in San Bernardino County, California.

8. J's Pipeline is an "*employer*" engaged in "*commerce*" in an "*industry affecting commerce*," as those terms are defined and used in sections 501(1) and 501(3) of the LMRA [29 U.S.C. §§ 142(1), 142(3)], and within the meaning and use of section 301(a) of the LMRA [29 U.S.C. § 185(a)].

///

9. At all times material herein defendant Jesus Garcia Rodriguez ("Garcia Rodriguez") has been an officer, director, controlling shareholder, and/or beneficial owner of J's Pipeline. The Trustees are informed and believe and thereon allege that Garcia Rodriguez resides in San Bernardino County, California.

## EXECUTION OF BARGAINING AGREEMENT

10. J's Pipeline executed agreements whereby J's Pipeline became bound to the provisions of the Master Agreement for the Plumbing and Piping Industry of Southern California between District Council 16 and the Southern California Contractors ("Master Agreement") for work on the following projects (collectively the "Projects"):

| **Project Name:** | **Agreement No.** |
|---|---|
| Los Angeles Unified School District – Olive Vista Middle School Modernization | P2115 |
| Manhattan Beach Unified School District - Mira Costa High School Athletic Campus | P2499 |
| San Bernardino Community College District – Valley College Technical Building Replacement | P2981 |
| San Bernardino Community College District – Crafton Hills College New Performing Arts Center | P3190 |
| Enlightenment Plaza – Rosseau Residences | P3020 |
| Enlightenment Plaza – Montesquieu Manor | P3021 |
| Enlightenment Plaza – Voltaire Villas | P3022 |
| Los Angeles Community College District – East Los Angeles College – South Gate Campus, South Gate Education Center Project | P3128 |

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

| Project Name: | Agreement No. |
|---|---|
| City of Los Angeles - Beacon Landing – Wiley Canyon Head Start Site Preparation for Modular Bldg. | P2969 |
| Los Angeles Valley Community College | P2041 |
| Imagine Village II | A1190 |

11. The terms and provisions of each of the Trust Agreements are incorporated by reference into the Master Agreement.

12. At all times material herein, J's Pipeline has been bound to the Master Agreement and to the Trust Agreements for all work performed on the Projects.

**POSSIBLE ADDITIONAL DEFENDANTS**

13. The Trustees are informed and believe, and thereon allege, that one or more entities and/or individuals commingle their assets with those of J's Pipeline to evade liability to the Trusts, such that these entities or individuals are alter egos, single employers, and/or successors of J's Pipeline. The Trustees are informed and believe, and thereon allege, that the other entities and/or individuals are presently unknown to the Trustees. If the Trustees ascertain the identity of these entities and/or individuals, the Trustees will seek leave to amend this Complaint to include such entities and/or individuals as defendants.

14. The Trustees are informed and believe, and thereon allege, that to avoid paying contributions to the Trusts in violation of the Master Agreement, Trust Agreements and/or section 515 of ERISA [29 U.S.C. § 1145], J's Pipeline, Garcia Rodriguez, and one or more other entities or individuals diverted or redirected employees and/or business affairs, assets or operations between one or more entities and/or individuals. The Trustees are informed and believe, and thereon allege, that the other entities and/or individuals are presently unknown to the Trustees. If the Trustees ascertain that any others have engaged in such activities, the Trustees will seek leave to amend this Complaint to include such entities and individuals as defendants.

15. If the Trustees subsequently ascertain that one or more other entities or individuals is/are responsible, in whole or in part, for the day-to-day operations of J's Pipeline, and/or is/are responsible, in whole or in part, for all, or a majority of, the decisions pertaining to the payment of contributions to the Trusts, including decisions: (A) whether or not to pay such contributions, (B) if payment is to be made, when to pay such contributions, and/or (C) how to use such funds pending payment to the Trusts; the Trustees will seek to amend this Complaint to include such additional parties as defendants.

## FIRST CAUSE OF ACTION
## BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENT, TRUST AGREEMENTS, AND VIOLATION OF ERISA
## (AGAINST J'S PIPELINE)

16. The Trustees incorporate by this reference paragraphs 1 through 15 above, inclusive of any subparagraphs, to the same effect as if set forth verbatim.

17. By the terms and provisions of the Master Agreement and Trust Agreements, and at all times material herein, J's Pipeline agreed, and was obligated to do the following:

    a. Prepare and submit true, complete and accurate written monthly contribution reports ("Reports") to the Trusts on a timely basis showing: (i) the identities of employees performing work covered by the Master Agreement on which contributions are owed; (ii) the number of hours worked by these employees; (iii) the rates of pay; (iv) the character of hours worked (e.g., straight time, over-time, etc.); and (v) based upon the hours worked by employees, the proper calculation of contributions, benefits and/or withholdings attributable to the same employees. These Reports are due on the 10th day of the month following the month in which employees performed work covered by the Master Agreement (as an example, Reports for work performed in January 2025 were due on February 10, 2025).

///

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

    b. Pay to the Trusts contributions and/or withholdings on a monthly basis, and at specified rates for each hour worked by applicable employees. These amounts are considered delinquent if not received by the Trusts by the 15th of the month succeeding the month in which the work was performed. These amounts are due and payable at the Trusts' administrative offices in Los Angeles, California; and

    c. Permit the Trustees and their agents to conduct audits of payroll and related records in order to determine if contributions have been properly paid pursuant to the Master Agreement, and/or Trust Agreements.

18. J's Pipeline is an "*employer*" and "*contractor*" as those terms are understood in the Master Agreement and/or Trust Agreements.

19. J's Pipeline is an "*employer*" as defined and used in section 3(5) of ERISA [29 U.S.C. § 1002(5)].

20. Section 515 of ERISA [29 U.S.C. § 1145], provides that "*every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.*" Pursuant to section 515 of ERISA [29 U.S.C. § 1145], J's Pipeline is obligated to make contributions to the Trusts.

21. Sections 429 of ERISA [29 U.S.C. § 1059], provides that "*every employer shall ... maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees*." Pursuant to section 429 of ERISA [29 U.S.C. § 1059], J's Pipeline is obligated to maintain records sufficient to allow the Trustees to determine the contributions owed by J's Pipeline to the Trusts, and the benefits due to the employees of J's Pipeline.

22. The Trustees maintain an audit program for the purpose of monitoring and enforcing compliance with the Master Agreement and Trust Agreements, including the obligation of employers to timely and accurately report and pay contributions to the Trusts.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

23. The Trustees, through their agent, performed an audit ("Audit") of J's Pipeline's payroll and other related records and documents for the period of January 1, 2018, through December 31, 2021 ("Audit Period"). Pursuant to the Audit, the Trustees are informed and believe, and thereon allege, that J's Pipeline owes the Trusts $16,655.45 for unpaid contributions. J's Pipeline's failure to report and pay these contributions to the Trusts is a violation of the Master Agreement, Trust Agreement, and section 515 of ERISA [29 U.S.C. § 1145].

24. For the months of August 2022 through January 2025, J's Pipeline submitted Reports to the Trusts; however, J's Pipeline failed to pay and/or failed to timely pay all contributions indicated in those Reports. After applying partial payments from J's Pipeline and amounts collected by the Trusts from the general/prime contractors on the Projects, J's Pipeline owes the Trusts $2,048.89 for contributions based on Reports for the months of August 2022 through January 2025. J's Pipeline's failure to pay these contributions to the Trusts is a violation of the Master Agreement, Trust Agreement, and section 515 of ERISA [29 U.S.C. § 1145].

25. J's Pipeline failed to submit Reports or pay contributions to the Trusts for the month of February 2025. J's Pipeline's failure to submit these Reports or pay contributions to the Trusts is a violation of the Master Agreement, Trust Agreement, and section 515 of ERISA [29 U.S.C. § 1145]. Through discovery the Trustees intend to determine the contributions due for the month of February 2025.

26. The Trustees are informed and believe, and thereon allege, that J's Pipeline owes the Trusts additional contributions in amounts to be established by proof.

27. Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, this Court shall award the plan: (A) the unpaid contributions; (B) interest on the unpaid contributions; (C) an amount equal to the greater of interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not in excess of 20% of the unpaid contributions; (D) reasonable attorneys' fees and costs; and (E) such other legal or

equitable relief as this Court deems appropriate. Interest on unpaid contributions shall be determined by using the rate provided under the plan.

28. Pursuant to the Master Agreement, Trust Agreements, and section 502(g)(2)(C) of ERISA [29 U.S.C. § 1132(g)(2)(C)], J's Pipeline is obligated to pay to the Trusts liquidated damages for the detriment caused by J's Pipeline' failure to pay contributions in a timely manner. Pursuant to the written Joint Collection Policy and Procedures ("Joint Collection Policy") promulgated by the Trustees pursuant to the authority granted to them by the Master Agreement and Trust Agreements, those liquidated damages are assessed at ten percent (10%) of the unpaid or untimely contributions. However, if a lawsuit is filed to collect the unpaid contributions, the Joint Collection Policy provides for liquidated damages assessed at twenty percent (20%) of the unpaid or late contributions. J's Pipeline owes the Trusts liquidated damages of at least $38,143.30, in a final amount to be established by proof.

29. Pursuant to the Master Agreement, Trust Agreements, Joint Collection Policy, and section 502(g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], J's Pipeline owes the Trusts interest at 18% per annum on all unpaid or untimely contributions from the dates the sums were originally due or should have been paid to the Trusts, until actually paid. J's Pipeline owes the Trusts interest of at least $21,637.20, in a final amount to be established by proof.

30. Pursuant to the Master Agreement, Trust Agreements, and Joint Collection Policy, J's Pipeline owes the Trusts late filing fees, calculated at $200 per month, for each month that J's Pipeline failed to timely submit a Report to the Trusts. Pursuant to the Master Agreement, Trust Agreements, Joint Collection Policy, 502(g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], J's Pipeline owes the Trusts late filing fees of at least $2,800.00, in a final amount to be established by proof.

31. Pursuant to the Master Agreement, Trust Agreements, Joint Collection Policy, and section 502(g)(2)(D) of ERISA [29 U.S.C. § 1132(g)(2)(D)], J's Pipeline agreed that in the event of any delinquency, it would pay all legal and auditing costs in

connection therewith, whether incurred before or after litigation is commenced. It has been necessary for Trusts to engage legal counsel and incur audit costs for the purpose of collecting said contributions and damages, and the Trusts are entitled to their reasonable attorneys' fees and audit costs in connection therewith. The exact amount of the legal fees and audit costs due and payable has not been ascertained at this time. These amounts shall be established by proof.

32. By the Master Agreement and Trust Agreements, J's Pipeline agreed in the event it failed to pay contributions or otherwise comply with the terms and provisions of those agreements, to post and deliver a good faith deposit or a performance bond issued in favor of the Trusts. The Trustees are informed and believe, and thereon allege, that the Trusts are entitled to such good faith deposit and delivery of monies or bond from J's Pipeline. The amount of the good faith deposit or bond will be established by proof.

33. Pursuant to section 502(g)(2)(E) of ERISA [29 U.S.C. § 1132(g)(2)(E)], the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of the Trustees' judgment, the Trustees shall also request the Court to:

    a. Order J's Pipeline, and its representatives, agents, and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid contributions; and identify all property, real or personal, tangible or intangible, that are the result, whether in whole or in part, of the use of any such unpaid contributions;

    b. Order J's Pipeline, and its representatives, agents, and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of the Trusts, in an amount determined by the Court to be appropriate;

    c. Order the creation of a constructive trust on all applicable property, and order the transfer of the applicable property to the Trusts; and

///
///
///

d. Order J's Pipeline, and its representatives, agents, and associates, to pay to the Trusts all amounts due the Trusts, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

## SECOND CAUSE OF ACTION
## BREACH OF ERISA FIDUCIARY DUTIES
## (AGAINST GARCIA RODRIGUEZ)

34. The Trustees incorporate by this reference paragraphs 1 through 33 above, inclusive of any subparagraphs, to the same effect as if set forth verbatim.

35. A portion of the contributions required to be paid by J's Pipeline to the Trusts are monies funded exclusively by contributions from participating employers, without deduction from the covered employees' paychecks. The remaining portion of the contributions required to be paid by J's Pipeline to the Trusts are monies funded exclusively by deductions from covered employees' paychecks. J's Pipeline has granted one or more of its representatives, employees or others access to all contributions deducted from covered employees' paychecks.

36. The Trustees are informed and believe, and thereon allege, that Garcia Rodriguez is an officer, director, controlling shareholder, and/or beneficial owner of J's Pipeline and, as such, accrues a direct beneficial and pecuniary interest in the activities and, ultimately, the success of J's Pipeline. The Trustees are informed and believe, and thereon allege, that Garcia Rodriguez is responsible for the day-to-day operations of J's Pipeline and is responsible for all, or a majority of, the decisions pertaining to the payment of contributions to the Trusts, including decisions: (A) whether to deduct certain funds from employees' paychecks; (B) whether or not to pay such funds to the Trusts; (C) if payment is to be made, when to pay such funds; and (D) how to use such funds pending payment to the Trusts.

///

///

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

37. Section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)] provides that "*a person [or entity] is a fiduciary with respect to a plan to the extent (i) he ... exercises any discretionary authority or control respecting ... disposition of its assets ... .*" Employee contributions, as opposed to employer contributions, payable by J's Pipeline to the Trusts are fund assets under ERISA. The Trustees are informed and believe, and thereon allege, that Garcia Rodriguez exercised discretionary authority or control respecting fund assets. The Trustees are informed and believe, and thereon allege, that Garcia Rodriguez was, and is, an unnamed "*fiduciary*" pursuant to section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)], and thereby are individually, and separately from J's Pipeline, obligated to the provisions and obligations provided for under ERISA.

38. Section 404(a)(1)(A) of ERISA [29 U.S.C. § 1104(a)(1)(A)] provides that "*a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and--¶ (A) for exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and ... (D) in accordance with the documents and instruments governing the plan.*" Section 403(c)(1) of ERISA [29 U.S.C. § 1103(c)(1)] provides that "*the assets of a plan shall never inure to the benefit of any Employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries.*" The specific duties of a fiduciary are that he or she: (A) shall ensure that "*assets of the plan never inure to the benefit of the employer and shall be held for the exclusive purposes of providing benefits to participants in the plan,*" section 403(c)(1) of ERISA [29 U.S.C. § 1103(c)(1)]; (B) "*shall discharge his duties with respect to a plan solely in the interests of the participants,*" section 404(a)(1) of ERISA [29 U.S.C. § 1104(a)(1)]; and (C) shall not use plan assets in any transaction with "*a party in interest,*" section 406(a)(1) of ERISA [29 U.S.C. § 1106(a)(1)], nor "*in his own interest or for his own account,*" section 406(b)(1) of ERISA [29 U.S.C. § 1106(b)(1)]. ERISA prohibits a fiduciary from making any "*transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan,*" section 406(b)(1)(D) of ERISA [29 U.S.C. § 1106(b)(1)(D)]. Garcia

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

Rodriguez is a "*party in interest,*" as is any fund fiduciary. Under ERISA, if a fiduciary uses plan assets to satisfy other business obligations, he or she violates his or her fiduciary duty.

39. The Trustees are informed and believe, and thereon allege, that certain amounts were deducted from the paychecks of J's Pipeline employees, and that these amounts were to be contributed to the Trusts. The Trustees are informed and believe, and thereon allege, that Garcia Rodriguez breached his fiduciary duties and responsibilities by misuse of employee deducted contributions payable to the Trusts by either: (A) diverting the contributions to his sole and exclusive benefit; and/or (B) diverting the contributions to J's Pipeline' sole and exclusive benefit and his indirect benefit, in violation of the Trusts', participants' and beneficiaries' rights under ERISA. The Trustees are informed and believe, and thereon allege, that such conduct was a breach and violation of ERISA, including, but not limited to, breach of section 404(a)(1)(A) of ERISA [29 U.S.C. § 1104(a)(1)(A)] and section 403(c)(1) of ERISA [29 U.S.C. § 1103(c)(1)].

40. Section 409 of ERISA [29 U.S.C. § 1109(a)], provides that "*[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.*" Similarly, section 502(g)(1) of ERISA [29 U.S.C. § 1132(g)(1)] provides that "*in any action ... by a ... . fiduciary, the court in its discretion may allow reasonable attorneys' fees and costs of action ... .*"

41. The Trustees are informed and believe, and thereon allege, as a proximate result of the wrongful acts herein alleged, the Trusts have been damaged in an amount presently unknown. The Trustees are informed and believe, and thereon allege, that

damages are continuing to accrue in an amount presently unknown to them. The Trustees shall present proof of damages at the time of trial.

42. As part of the Trustees' judgment, the Trustees also request the Court to grant the relief requested in paragraph 33 above.

## THIRD CAUSE OF ACTION
## ENGAGING IN PROHIBITED TRANSACTIONS
## (AGAINST GARCIA RODRIGUEZ)

43. The Trustees incorporate by this reference paragraphs 1 through 42 above, inclusive of any subparagraphs, to the same effect as if set forth verbatim.

44. The Trustees are informed and believe, and thereon allege, that Garcia Rodriguez was, and is, an unnamed "*fiduciary*" pursuant to section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)], and thereby is individually, and separately from J's Pipeline, obligated to the provisions and obligations provided for under ERISA.

45. Section 406(a)(1)(D) of ERISA [29 U.S.C. § 1106(a)(1)(D)], provides that "a fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect--¶ (D) transfer to, or use by or for the benefit of, a party in interest [an employer, etc.], of any assets of the plan … ." Section 406(b)(1) of ERISA [29 U.S.C. § 1106(b)(1)], provides that "*a fiduciary with respect to a plan shall not--¶ (1) deal with the assets of the plan in his own interest or for his own account.*" Garcia Rodriguez is a "*party in interest*," as is any fund fiduciary. Under ERISA, if a fiduciary uses plan assets to satisfy other business obligations, he or she violates his or her duty.

46. The Trustees are informed and believe, and thereon allege, that Garcia Rodriguez engaged in prohibited transactions by misuse of contributions deducted from employees paychecks by either: (A) diverting the contributions to his sole and exclusive benefit; and/or (B) diverting the contributions to J's Pipeline' sole and exclusive benefit and its indirect benefit, in violation of the Trusts', participants' and beneficiaries' rights under ERISA. The Trustees are informed and believe, and thereon

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

allege, that such conduct was a breach and violation of ERISA, including, but not limited to, breach of section 406(a)(1)(D) of ERISA [29 U.S.C. § 1106(a)(1)(D)] and section 406(b)(1) of ERISA [29 U.S.C. § 1106(b)(1)].

47. Section 409 of ERISA [29 U.S.C. § 1109(a)], provides that *"[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.*" Similarly, section 502(g)(1) of ERISA [29 U.S.C. § 1132(g)(1)], provides that "*in any action ... by a ... fiduciary, the court in its discretion may allow reasonable attorneys' fees and costs of action.*"

48. The Trustees are informed and believe, and thereon allege, as a proximate result of the wrongful acts herein alleged, the Trusts have been damaged in an amount presently unknown. The Trustees are informed and believe, and thereon allege, that damages are continuing to accrue in an amount presently unknown to the Trustees. The Trustees shall present proof of damages at the time of trial. As part of the Trustees' judgment, the Trustees shall also request the Court to grant the relief requested in paragraph 33 above.

**FOURTH CAUSE OF ACTION**

**BREACH OF CONTRACT**

**(AGAINST J'S PIPELINE)**

49. The Trustees incorporate by this reference paragraphs 1 through 48 above, inclusive of any subparagraphs, to the same effect as if set forth verbatim.

50. The Trustees are informed and believe, and thereon allege, that amounts due as union dues and association fees and related amounts (excluding employer and employee contributions) are not recoverable under ERISA.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

51. The Master Agreement requires J's Pipeline to pay to the Trusts, for the benefit of District Council 16, its affiliated local unions, the Piping Industry Progress Education & Trust Fund ("PIPE"), the Labor Management Compliance Council ("LMCC"), and California Plumbing and Mechanical Contractors Association ("CPMCA") certain amounts for each hour worked by J's Pipeline' employees performing work covered by the Master Agreement. The Trustees are the assignee of District Council 16, its affiliated local unions, PIPE, LMCC, and CPMCA for collecting said hourly contributions. J's Pipeline has failed to pay amounts due under the Master Agreement to the Trustees for the benefit of District Council 16, its affiliated local unions, PIPE, LMCC and CPMCA, which amounts shall be established by proof.

52. Pursuant to the Master Agreement and Joint Collection Policy, J's Pipeline is obligated to pay to the Trusts liquidated damages on all unpaid or delinquent contributions (including those amounts due to District Council 16, its affiliated local unions, PIPE, LMCC and CPMCA). Pursuant to the Joint Collection Policy liquidated damages are assessed at ten percent (10%) of the unpaid or untimely contributions. However, if a lawsuit is filed to collect the contributions, the Joint Collection Policy provides for liquidated damages assessed at twenty percent (20%) of the unpaid or untimely amounts. The amount of liquidated damages owed by J's Pipeline will be established by proof.

53. Pursuant to the Master Agreement and the Joint Collection Policy, J's Pipeline owes the Trusts interest at 18% per annum on all unpaid or delinquent contributions (including those amounts due to District Council 16, its affiliated local unions, PIPE, LMCC and CPMCA) from the dates the sums were originally due or should have been paid to the Trusts until paid. The amount of interest owed by J's Pipeline will be established by proof.

///

///

# PRAYER

WHEREFORE, the Trustees pray for judgment as follows:

1. For unpaid contributions and other damages for breach of contract as established by proof;

2. For liquidated damages as established by proof;

3. For interest at the rate of 18% per annum, or other applicable legal rate, on all contributions due from their respective due dates, or the dates said contributions should have been paid, until paid, plus additional amounts as established by proof;

4. For special damages in amounts as proved;

5. For the Trustees' audit costs, plus additional amounts as established by proof;

6. For the Trustees' reasonable attorneys' fees in amounts as proved;

7. For costs of suit incurred herein; and

8. For such additional relief as this Court deems just and proper, including, but not limited to, the following:

    a. An Order directing defendant, his/her/its/their representatives, agents, and associates, to submit to an audit by the Trustees;

    b. An Order directing defendant(s), his/her/its/their representatives, agents, and associates, to provide a full and complete accounting for, and tracing the use of all unpaid contributions and identify all property, real or personal, tangible or intangible, that are the result, whether in whole or in part, of the use of any unpaid contributions;

    c. An Order for the creation of a constructive trust on all applicable property, and an Order for the transfer of the applicable property to the Trusts; and

    d. An Order directing defendant(s), his/her/its/their representatives, agents, and associates, to pay to the Trusts all amounts due to the Trusts, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

## WAIVER OF JURY TRIAL

Plaintiffs waive a jury trial in this action.

DATED: March 20, 2025           BUSH GOTTLIEB, A Law Corporation

By: _____
   J. PAUL MOORHEAD
Attorneys for Plaintiffs, Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, et al.